IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HAWAII SPA, INC. § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | Civil Action No. 2:21-cv-253 |
| § | |
| THE HANOVER INSURANCE § | |
| COMPANY § | |
| § | |
| Defendant, § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, HAWAII SPA, INC, files this Original Complaint, complaining of and against Defendant. For cause of action, Plaintiff respectfully shows this Court the following:

### A.  PARTIES

1.1  Plaintiff, Hawaii Spa, Inc., is a domestic corporation with its primary place of business at 310 East Loop 281, Longview, Texas 75605.

1.2  Defendant, The Hanover Insurance Company, (hereinafter "Hanover") is a foreign corporation licensed to provide insurance in the State of Texas by the Texas Department of Insurance. Defendant Hanover may be served through its registered agent for service of process, C.T. Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

### B.  JURISDICTION & VENUE

1.  The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1)

because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the minimum jurisdictional amount. Hawaii Spa, Inc. (hereinafter "Hawaii Spa") is a citizen of the State of Texas and Hanover was incorporated under the laws of the State of New Hampshire and has its principal place of business in Massachusetts. The amount in controversy exceeds $75,000 excluding interest and costs.

2. The Court has personal jurisdiction over Hanover because Hanover is licensed to provide insurance to businesses in the State of Texas, thus giving Hanover continuous and systematic contacts and availing itself to the benefits and the laws in State of Texas, satisfying personal jurisdiction.

3. Venue is proper in this United States District Court for the Eastern District of Texas Pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and the property that is the subject of the dispute between Hawaii Spa and Hanover is situated in this District.

## C.  FACTS

4. On or about May 8th 2019, a hail storm swept the Longview, Texas area.

5. Plaintiff, Hawaii Spa, Inc., a commercial business in Longview, Texas was damaged as a result of the hail storm.

6. Plaintiff Hawaii Spa, Inc. has a policy of insurance through Defendant, Hanover.

7. That policy obligates Defendant to pay to replace or repair damage caused by a specified loss.

8. Hail damage is an explicitly covered specified loss under Plaintiff's insurance policy with Defendant.

9. On or about May 15th, 2019, Plaintiff observed water intrusion into the interior of

the structure.

10. Plaintiff notified Defendant that its roof had been damaged by hail.

11. Defendant inspected the building on May 24, 2019, discovered hail damage to the roof and denied the claim on the roof.

12. Plaintiff had the property privately inspected by a contractor on May 12, 2020, which showed extensive hail damage to the roof.

### D. BREACH OF CONTRACT

13. Plaintiff was insured under a contract of insurance issued by Defendant, Hanover.

14. The contract provides that Defendant will pay the cost to repair or replace damaged property and will insure Plaintiff for any loss of business income and for any additional expenses incurred as a result of a specified cause of loss in exchange for Plaintiff's payment of periodic premiums.

15. Wind and hail are specified causes of loss under the contract of insurance issued by Defendant.

16. Plaintiff paid its premiums and fully performed on its obligations under the contract of insurance.

17. During the policy period, Plaintiff's covered building was damaged by hail and Plaintiff provided notice, pursuant to the contract of insurance, to Defendant of the damage and the cause of loss.

18. Defendant breached its contract with Plaintiff by denying coverage for the damage caused by a covered cause of loss under the contract of insurance. Defendant's breach proximately caused injury to Plaintiff.

19. Plaintiff's roof and other fixtures attached to the roof are damaged as a result of

the hail and have remained damaged due to Defendant's refusal to repair or replace the damage to the structure and as a result of Defendant's refusal to pay policy proceeds to which Plaintiff are entitled.

20. Furthermore, Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code Chapter 38 because this suit is for breach of a written contract. Plaintiff retained counsel, who presented Plaintiff's claim to Defendant and/or Defendant's duly authorized agent. Defendant has not tendered the amount owed since the claim was presented.

### E.  BAD FAITH

21. Plaintiff's contract of insurance with Defendant gives rise to a duty of good faith and fair dealing. Defendant breached the duty by:

(1) denying payment of a covered claim when Defendants knew or should have known its liability under the policy was reasonably clear, by refusing to pay a claim;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability had become reasonably clear, Tex. Ins. Code § 542.003(b)(4);

(3) refusing to pay a claim without conducting a reasonable investigation of the claim based on all information, Tex. Ins. Code § 541.060(a)(7).

22. There were reported hail storms in Longview in the area of the covered property during the policy period.

23. Plaintiff notified Defendant of the damage and that it was caused by hail and wind, a specified cause of loss under the contract of insurance.

24. Defendant identified hail damage on the roof, but inexplicably found that the size of the hail, based on a benchmark weather report, was .75 inches and thus, not covered under the

policy.

25. Plaintiff's roofing contractor identified extensive hail damage to the roof.

26. Plaintiff suffered injury as a proximate cause of Defendant's bad faith. Specifically, Plaintiff's roof is damaged as a result of hail and has remained damaged due to Defendant's refusal to repair or replace the damage to the structure and Defendant's refusal to pay policy proceeds to which Plaintiff is entitled.

27. Furthermore, Defendant's acts and/or omissions complained of above was intentional and/or constitutes gross negligence, malice, or fraud, which conduct proximately caused Plaintiff's injuries herein. As a result, Plaintiff is entitled to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a).

### F. UNFAIR AND DECEPTIVE INSURANCE PRACTICES

28. Defendant, Hanover, a corporation, are all "persons" as defined by Texas Insurance Code § 541.002(2).

29. Furthermore, Plaintiff has standing to sue as a named insured on the contract of insurance.

30. Furthermore, Defendant breached Chapter 541 of the Texas Insurance Code by:

(1) Making an untrue statement of material fact regarding the cause of damage to Plaintiff's covered building, in violation of Tex. Ins. Code § 541.061(1);

(2) Misrepresenting to Plaintiff a material fact relating to the coverage at issue, including the cause of damage to Plaintiff's building, in violation of Tex. Ins. Code § 541.060(a)(1);

(3) Failing to attempt in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability became reasonably clear, in violation of Tex. Ins. Code § 541.060(a)(2); and

(4) Refusing to pay a claim without conducting a reasonable investigation, in violation of Tex. Ins. Code § 541.060(a)(7).

31. Defendant's unfair and/or deceptive insurance act(s) or practice(s), in violation of Chapter 541 of the Texas Insurance Code, were a producing cause injury to Plaintiff. Specifically, Plaintiff suffered a loss of policy benefits as a result of Defendant's acts and/or practices, and has suffered additional damage to its property from water leaking into the interior of the covered structure due to Defendant's acts or practices, as alleged above, which resulted in denial of coverage.

32. Furthermore, Defendant knowingly committed the acts complained of above.

33. As a result of Defendants' knowing acts and/or practices in violation of Chapter 541 of the Texas Insurance Code, Plaintiff is entitled to policy benefits, actual and/or economic damages as a result of any additional damage to the structure caused by Defendant's denial of coverage, court costs and attorney's fees, pursuant to Tex. Ins. Code § 541.152(a), and additional damages up to three times the amount of actual damages awarded, under Tex. Ins. Code § 541.152(b).

### G.  JURY DEMAND

34. Plaintiff demand a jury trial and tenders the appropriate fee with this Complaint.

### H.  CONDITIONS PRECEDENT

35. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

# I. PRAYER FOR RELIEF

36.     PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer and that upon final trial of this cause, Plaintiff recovers as follows:

   a. actual damages within the jurisdictional limits of this Court;

   b. exemplary damages;

   c. pre-judgment and post-judgment interest as allowed by law;

   d. costs of Court; and

   e. Plaintiff demands judgment for all other relief to which Plaintiff is entitled.

Respectfully submitted,
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON, SMITH & JONES

/s/ *Justin A. Smith*
JUSTIN A. SMITH
State Bar No. 24068415
jsmith@sloanfirm.com
101 East Whaley Street
Longview, Texas 75601
Telephone: (903) 757-7000
Facsimile: (903) 757-7574

ATTORNEYS FOR PLAINTIFF